Ur. Justice WheeleR
delivered the opinion of the court.
It appears from the record that the slave, Nels, was indicted and put upon his trial for murder at the fall term, 1846, of the district court for the county of Red River. The record of the trial recited that the prisoner was arraigned and pleaded not guilty; “whereupon came a jury of good and lawful men . . . . who after hearing the evidence adduced, and the argument of counsel, and the charge of the court given, upon their retirement returned into court the following verdict, to wit: ‘we, the jury, find the prisoner, Nels, guilty in manner and form as charged in this indictment.’ ”
The prisoner’s counsel moved the court to set aside the verdict and grant him a new trial, and also in arrest of judgment. Both motions were overruled. In the opinion of the court, which accompanies the record, the various grounds assigned in support of the motions are discussed, and the facts deemed material to the correct disposition of them set forth.
We deem it unnecessary to enter into a particular examination of the various questions presented and discussed in the record, as they will not be material to the ultimate disposition of the case.
The 6th, 7th, 8th and 9th specifications, embraced in the motion and discussed in the opinion of the judge, relate to the charge of the court to the jury.
It undoubtedly was not only the privilege but the duty of the judge to give in charge to the jury the law of the case, without regard to what had or had not been read to them by counsel, either for or against the prisoner. And if, in his opinion, the counsel on either side had mistaken or misrepresented the law to the jury, it was his undoubted province to correct the mistake or misrepresentation; to dis-embarrass the minds of the jury, and to inform them in respect to the law of the case. The judge is the organ and ex *283 positor of the law, and is placed on the bench to explain it to the jury. It is not only his privilege, in all oases, but his duty, when called on, to state what the law is. In the language of the court of appeals of Kentucky, “If the judge had not the right to decide on the law, error, confusion, uncertainty and licentiousness would characterize the criminal trials, and the safety of the accused might be as much endangered as the stability of public justice certainly would be,” etc. 3 J. J. Marsh. 149.
The jury are the exclusive judges of the facts. The judge may not charge them as to the weight of evidence. 1 Stat: 209, sec. 43; Acts of 1846, 390. It is their peculiar and exclusive province to weigh the evidence; and it is their duty to find the facts alone from the evidence, and to look for them to no other quarter whatever. For the law, it is- their duty to look to the court. In the present case, they were not authorized to give the slightest weight to any admissions or statements of counsel as to the facts. The prisoner’s counsel had no authority to make any admission or statement to supply the place or have the force of evidence against him. No confession of theirs could bind or affect him. Their admissions could not, in law; prejudice or affect his rights; nor could they be in any way jeopardized by the assumption of any grounds whatever, upon which his defense may have been placed by his counsel. Whether those grounds were correct or incorrect, true or false, was wholly immaterial. That' was not the question for the consideration of the jury, whose duty it was to decide the question of guilt or innocence upon the law as given them by the court, and the evidence as given by the witnesses, irrespective of any admissions by the prisoner’s counsel, or any grounds upon which they may have rested his defense.
It may, perhaps, be doubted whether it was in strictness legally correct, therefore, in charging the jury impaneled to try a capital case, to state to them that the prisoner’s counsel had admitted any fact; since they were not authorized to act upon any admission whatever, and might possibly be misled by the statement.
*284 Upon the third ground assigned in support of the motion it is unnecessary to express any opinion. The eighth seems unsupported by the record; and the several other grounds specified, we do not think well taken.
But it nowhere appears of record that the jury who tried the prisoner were sworn.
This, in our opinion is a fatal defect in the record of conviction. 1 Ohit. C. L. 661-2-3-4, and notes to late edition. It has even been held, in a civil case, that “ it must appear affirmatively on the record that the jury to whom the issue was submitted were sworn, or it will be error.” 1 How. (Miss.) 497.
“ As the statutes of jeofails and amendments do not apply to criminal proceedings, it follows that every error which would have been fatal in arrest of judgment will be sufficient now to procure its reversal. A material objection also to the record of the judgment will be fatal.” 1 Chit. C. L. 752; id. 753-4, and notes.
We are of opinion, therefore, that the judgment be reversed and the cause remanded for further proceedings.